Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-30355

v.

MALCOLM JAMAL EVANS,

   *Defendant.*
_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I

conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at Defendant's first appearance pursuant

to:

<u>XX</u>    18 U.S.C. § 3142(f)(1).

___    18 U.S.C. § 3142(f)(2).

___    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C.

§ 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has

previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or

comparable state or local offense.

___    (2)    The offense described in finding was committed while Defendant was on release

pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

    ___ the date of conviction, **or**

    ___ Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))

There is probable cause to believe that Defendant has committed an offense:

    ___ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)

___ (1) There is a serious risk that Defendant will not appear.

___ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

____    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

____    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged relates to the illegal possession of a weapon. As to subsection (g)(2), after review of the affidavit supporting the criminal complaint and the proffer of the Assistant United States Attorney ("AUSA"), I find that there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 21 years of age and has been a consistent lifelong resident of the Flint, Michigan, area. He has been residing with his mother for the past eight years in an area of Flint that, according to the AUSA, is known to be a high crime area. He has no employment history, and is supported by his mother and his girlfriend. During his interview with Pretrial Services, Defendant admitted to daily use of marijuana for the last four

years with his last use of marijuana being on the day he was arrested. Although Defendant denied having any prescriptions for medications, preliminary urinalysis screening was positive for marijuana, benzodiazepine and opiates.

In 2005, Defendant was charged with misdemeanor disturbing the peace and a warrant was requested. Two months later, he was charged with attempted misdemeanor assault and a warrant was requested. In 2008, Defendant was charged with a misdemeanor public order crime and a warrant was requested. In 2009, Defendant was charged with a felony weapons charge and a misdemeanor obstructing-the-police charge, and a warrant was requested. There is also an outstanding criminal bench warrant that was issued in June 2011 for failure to appear in a traffic matter.

The Government represents that Defendant poses a significant risk to the community and supports that contention with a series of exhibits that are said to be downloaded from a "My Space" Internet site related to Defendant. The Government represents that Exhibit 1 indicates letters and abbreviations consistent with a gang known to frequent the area in which Defendant lives. Exhibit 2 is represented to be a picture of Defendant showing hand signals consistent with gang activity. Exhibit 3 is said to be a picture of Defendant's abdomen showing gang-related tattoos. The Government represents that additional gang-related tattoos have been added since the time the picture was taken. Exhibits 5 and 6 are group photographs that include Defendant and other individuals who have since been convicted of various felony crimes, including second-degree murder. These two exhibits also show individuals making gang-related hand signals and holding various weapons, including an AK-47 assault rifle, which has a magazine installed. These pictures do not depict Defendant himself holding weapons; however, they show Defendant making hand signals consistent with gang activity.

The Government also represents that after Defendant was arrested on this charge, he made a series of incriminating statements, including statements indicating that he has been

dealing drugs (including crack cocaine) for the last three years.

In weighing the Government's motion, I also take note of the circumstances surrounding Defendant's arrest, as relayed in the affidavit and the Government's proffer. The affidavit recites that in December 2009, Defendant was the front seat passenger in a van that was stopped by a Flint police officer. During the stop, Defendant fled on foot. Following footprints in the snow, officers retrieved a loaded .380 caliber semi-automatic pistol; its serial number had been obliterated. Defendant was apprehended and later made statements admitting his ownership of the gun. The Government also proffers that crack cocaine was found on one of the other passengers in the van. The Government further proffers that during the traffic stop, one of the passengers told the officers he was ill. When asked the nature of the illness, the passenger stated that he had swallowed approximately 50 rocks of crack cocaine.

Counsel for Defendant notes that the pictures shown in exhibits one through five appear to have been uploaded to the Internet site on various dates as long as four years ago, and suggests that these pictures should be given little weight. Defense counsel also proffers Defendant's mother as a third-party custodian.

Although I am troubled by the apparent delay in presenting both the instant charge and the Government's exhibits, as I weigh the evidence presented under the standards of the Bail Reform Act, noting in particular Defendant's use of illegal controlled substances, his ties to gang activity, as well as the circumstances the traffic stop, I am unable to craft any set of conditions which I believe would reasonably assure the safety of the community. In addition, several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.

1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

As to the conditions proposed by defense counsel, while I have no doubt that Defendant's mother is and has been supportive, I am at the same time forced to conclude that, despite her best efforts, she has been unable to meaningfully control Defendant's behavior. For all these reasons, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E. Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: July 29, 2011

**<u>CERTIFICATION</u>**

I hereby certify that this Order was electronically filed this date, electronically served on Craig Wininger and Charles Grossman, and served on Flint Pretrial Services and the Flint U.S. Marshal's Service by other electronic means.

Date: July 29, 2011                  By____s/*Jean L. Broucek*_____
                                     Case Manager to Magistrate Judge Binder